Good morning, your honors. Colleen Libby on behalf of defendant Juan Mendiola. In this case, as the court knows, the defendant received a 10-year sentence for drug conspiracy charges and a consecutive 30-year sentence for possession of a machine gun and a second consecutive sentence of 25 years for possession of a firearm for a total sentence of 65 years. It's our position that the second conviction with 25 years is problematic for a number of reasons that hopefully I'll articulate a little bit better than I did in my brief. We can see, you know, typically Almendarez-Torres, which I apologize if I'm pronouncing that incorrectly, states that a prior conviction doesn't need to be proven to the jury. And in this case, the second conviction was not charged in the indictment. It was, and so under Torres, that would be okay. Except for since Torres came out, O'Brien has come out and other cases that I believe if you look at those, you don't have to actually overrule Torres, you just need to interpret 924C correctly. Torres dealt with, it didn't deal with 924C, it dealt with a separate offense where the increase for the prior conviction took a sentence from two years to five to 15 years. Here we have a case where the mandatory minimum is five years, and it was 924C. And based on the substantial increase, I would argue that that is an element, not a sentencing factor. But I don't understand, I mean, in Almendarez-Torres, the net effect of not having to prove up the prior conviction is an enhanced sentence. Here, the net effect of the second subsequent machine gun conviction, or the use of a firearm and furtherance of a drug transaction is a, results in a sentencing enhancement, a but I don't understand how that's different from Almendarez-Torres. Well, if you look at Almendarez-Torres is in 1998, and there's a series of cases that call it into doubt, don't overrule it, and then with O'Brien in 2010, we have a specific interpretation of 924C with regard to the machine gun element. Nonetheless, O'Brien lays out what we should look at in deciding whether something is an element of the statute. We look at the language of the statute. Here, that doesn't help me as much because this is a penalty provision, but it does help to the extent that if you look at the statute, the statute says if there's a case of second or subsequent conviction, it's 25 years to life for the possession of firearm, and if it's a machine gun for the second, it's a life sentence. So here, the second firearm was a handgun. We didn't get the life sentence. But if this would have been a machine gun, a life sentence for someone who has their very first, this isn't Mr. Mendiola's first criminal case, but it could have been. He could have been completely crime, you know, not convicted of anything, have all this in one case, and he could have been sentenced to life under 924C if his second firearm was a machine gun. But if this were, I guess it would have to be, what, a finding by the jury that the first conviction also involved a machine gun? No, that's not how it's worded. I mean, the second, it says in the case of a second or subsequent conviction under this statute, if it's a firearm, 25 years, if it's a machine gun, yeah, the jury would have to find that the gun was a machine gun. A machine gun, yeah. So you lost me on... Well, here, Mr. Mendiola's other firearms were machine guns. Right. So we're looking, what I'm saying is that if you look at the language of the statute, that's such a draconian sentence, to have a life sentence for someone who has their first criminal case. But it's not a question of the severity of the enhancement, it's a question of is it an element or is it a sentencing enhancement? But under O'Brien and other cases, to decide whether something's an element, we look at the severity and the increase. And that was one reason why the machine gun element in O'Brien was actually found to be an element, not a sentencing factor, despite the government's arguments, because the court in the concurrency even commented nobody is getting a 30-year sentence for possession of a machine gun under 924C. They would get five years. Here, nobody would get 25 years. Well, there could be exceptions, but 25 years for possession of a machine gun is not a sentence that the courts are giving. And so if we look at the severity of the sentencing, applying what the court talks about in O'Brien, 924C appears it's not a sentencing factor, it's an element. And we don't have to overrule Torres, because Torres interpreted a statute at issue and decided this is a sentencing factor in that case. What's happened is all the courts look at Torres and they just say, prior convictions don't have to be proven. They don't have to be in the grand jury indictment. But we still need to look at the statute and what the sentences are and how those sentences, how severe it is to decide whether something's an element. If we actually look at 924C, we can say that this should be treated as an element because of the severity of the sentence. And I know this court in the 9th Circuit, or this court has said, where it increases a misdemeanor to a felony, we're not going to apply Torres. We're going to say, no, you still have to prove that up to the grand jury and the jury. And this isn't a misdemeanor felony case. I'll concede that, obviously. But the sentences, I mean, Mr. Mandiola was arrested in his mid-20s and he's in prison for life. And he wouldn't have had a life sentence if he hadn't had these mandatory amends that were consecutive. And the trial court judge even said, you know, my hands are tied. I wouldn't give this sentence. And so under this, there's no need to overrule Almendara's. We just need to analyze it and look at this. Well, we can't do that. Well, you can't. I apologize. As much as we would like to sometimes. I'm not asking you to. And obviously, you're correct, you can't. I'm just asking you to interpret the statute and apply it and apply O'Brien. And under O'Brien, we can conclude that the sentence is unconstitutional. So your best argument on that particular point is, you think that O'Brien says that in this particular instance, because the sentence is greater, that that is enough to make it outside of being a factor, but an element. I think that along with, if you look at the statute with... I mean, I was trying to get best arguments you could make for doing where you want to go. And I guess I'm just trying to make sure I'm crystallizing it here. Yes, Your Honor, that's the heart of the argument, is that the severity of the sentence turns the factor into an element of the offense. And O'Brien's your best case. O'Brien is my best Supreme Court case. I would point the court to the concurrence in Shepard, which says that Almendara's was wrongly decided. The Apprendi concurrence. We have Almendara's in 1998. Apprendi concurrence in 2000 says Almendara's is wrong. In 2005, we get Shepard. And in 2010, we have O'Brien. And the 924C, draconian provisions in 924C under O'Brien should be interpreted to be unconstitutional and under these circumstances. And that is all I would like to argue at this time and reserve any time, unless the court has questions. Let's hear from the government. Ms. Farrington. Good morning, Your Honor. May it please the court. I'm Joanne Farrington, appearing on behalf of the government in this case. I had actually not intended to spend time addressing the sentencing issues today because all three of the arguments that the defendant has made are foreclosed, two of them by Supreme Court decisions on point, and the third by a fairly recent Ninth Circuit decision on point. On the other hand, since that was the focus of my opponent's argument, I would like to make the point that the case that she relies on most heavily, O'Brien, has been specifically addressed by this court since O'Brien in Ruiz-Apollonio, which I cite in my brief. This court said in that case that the Supreme Court in O'Brien itself cited to Almendarez-Torres as the one exception that has been established to the general rule that elements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt. Given this reference, it is not possible to read O'Brien as invalidating Almendarez-Torres. This court has decided that O'Brien does not change that There are very good grounds to argue about it and whether it's a good idea or a bad idea and whether the Supreme Court was right or wrong, but as it stands now, that is the Supreme Court precedent that this court must follow. The only question that is left for this court to decide is whether or not there was sufficient evidence to find Mr. Mendiola guilty of possessing the two that were found stashed in two tote bags that his girlfriend said belonged to him in the bedroom next to his bedroom in the stash house. Before you go to that, I guess I understood her argument is that really because we've even said we're not increasing a misdemeanor to a felony in this particular case, we're not going to suggest that that can meet Almendarez-Torres. That just the tough sentencing that would happen, that that might be enough to be another exception, if you will, to Almendarez-Torres. I mean, respond to that argument. Well, first of all, although I don't have a case at my fingertips, there are innumerable decisions under 924C applying Almendarez-Torres because that is one of the few situations where a prior conviction actually ups the potential sentence in a case. Usually, the more normal scenarios when previous convictions up the mandatory minimums. In this situation, it both does that and ups the potential maximum sentence. So Almendarez-Torres is directly applicable. So I know there are decisions and I'd be happy to provide you with applying that principle to 924C. But there's also the point that the original decision was tenfold the original sentence. Now, granted, it wasn't from five years to 25 years, but it was still a significant increase in the potential sentence applicable. Those basically are the responses. There's nothing about a high sentence that makes a the prior conviction is proven sufficiently to allow a court to rely on it for sentencing purposes. And in this particular case, there's really nothing that we're looking at other ramifications of this charge. The misdemeanor to a felony, there's more ramifications than just a sentence. I mean, there are a lot of ramifications that go with that. And in this particular instance, those ramifications apply. That's true. And the difference between a misdemeanor and a felony is significant in a number of ways. It actually is a difference in the nature of the offense that you're convicted of and the consequences. It's not just a matter of the potential time spent in prison. It's a matter of loss of potential civil rights and immigration consequences, et cetera, et cetera, that are far more substantial in the case of a felony. If there are no questions about the Rule 29 of the evidence, you have a long morning today, and I'm not going to spend the time. I think I outlined the facts in my brief. Unless anybody has any further questions, I think we understand the respective positions. If you want a minute on rebuttal, you're welcome to it. You have more than a minute. Take as much time as you want. I won't take up the seven minutes I have left. I've never had that much time left before. I would like to point out, though, if you're in the deal case, the Supreme Court said the second conviction and the first conviction can, you know, you don't have to have a prior offense. You don't have to have a subsequent offense. There doesn't have to be a temporal difference. In the deal, they didn't treat the 924C as a recidivism statute. But here, so if we don't have a recidivist statute, then it would make sense that the aggravated sentences are elements. I mean, the prior conviction is an element, not a factor, because we're not treating it as a sentencing factor for purposes of deciding whether or not. I thought it was two separate machine guns possessed on different days. Is that right? Well, there's two machine guns from one residence, and that counts five and six, and that's the 30-year sentence. And then there's a handgun at a separate residence. That is the 25-year second conviction sentence. And Mr. Mandiola, you know, he wasn't on notice that he had been charged with a second conviction. It was only until, you know, it was in the PSR report, but it wasn't in the indictment. And, you know, he couldn't even make an informed decision on his sentencing exposure without having that charge in the indictment. So if the court doesn't have any more questions, we'd respectfully request that the sentence be reversed. Okay. Thank you very much. I appreciate your arguments, counsel, and the case is submitted for decision.
judges: Tashima, Tallman, Smith